An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-1122

Filed 20 August 2025

Lincoln County, No. 22 CRS 920; 359088

STATE OF NORTH CAROLINA

v.

MUHAMMAD ALI LEE CAMP

Appeal by defendant from judgment entered 1 April 2024 by Judge Jacqueline D. Grant in Lincoln County Superior Court. Heard in the Court of Appeals 31 July 2025.

> *Attorney General Josh Stein, by Special Deputy Attorney General John H. Schaeffer, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Emily Holmes Davis, for the defendant-appellant.*

PER CURIAM.

Muhammad Ali Lee Camp ("defendant") appeals from the trial court's judgment entered on 1 April 2024, upon a jury verdict finding him guilty of second-degree murder and possession of a firearm by a felon. The issue on appeal is whether North Carolina General Statute § 14-415.1 is facially unconstitutional under the

United States and North Carolina Constitutions.  We affirm.

## I.  Background

Defendant and Ward were friends who would buy and smoke crack together and were occasionally intimate.  **{T3 475-78, 481}**  On the evening of 7 December 2022, defendant showed up at Ward's house upset.  **{T3 496}**  He confronted her about men she had been sleeping with in exchange for drugs and wanted to ask her roommate about them.  **{T3 488-91, 500}**  Ward pushed him out the door, refusing to let him speak with her roommate. **{T3 500-01}**  Defendant tried maneuvering around Ward to get to the roommate, but she kept blocking him from getting inside.  **{T3 501-03}**

Throughout the exchange, defendant had a gun in his pocket.  **{T3 505}**  He testified that he owned a gun for protection and always carried it.  **{T3 503-04}**  Defendant informed Ward that he had a gun, allegedly to make her stop pushing and grabbing him, which he feared would accidentally discharge it.  **{T3 505-07}**  Defendant then grabbed Ward's shoulder and tripped her, pulling both of them down.  **{T3 508-11}**  The two were wrestling on the ground when the gun went off.  **{T3 511-12}**  The bullet went through Ward's upper thigh, severing her femoral artery.  **{T2 300-01}**  Defendant got in his car and sped away.  **{T3 514}**  That night, Ward died in the hospital from blood loss.  **{T2 277, 302}**

The jury found defendant guilty of murder in the second-degree, and he was sentenced to 256 to 320 months imprisonment.  **{R 30; T5 707, 728}**  The jury also

convicted defendant of possession of a firearm by a felon. **{R 32; T5 708}** He was sentenced to an additional concurrent term of sixteen to twenty-nine months. **{T5 728}** Defendant gave oral notice of appeal in open court. **{R 47-48; T5 730}**

## II.  Discussion

Defendant argues that N.C. Gen. Stat. § 14-415.1 is facially unconstitutional under both the United States Constitution and the North Carolina Constitution, pursuant to the recent United States Supreme Court decisions *New York State Rifle & Pistol Assoc. v. Bruen*, 591 U.S. 1 (2022) and *United States v. Rahimi*, 602 U.S. 680 (2024). We hold that it is not.

The constitutionality of a statute is a question of law reviewed *de novo*. *State v. Grady*, 372 N.C. 509, 521, 831 S.E.2d 542, 553 (2019). There is a presumption of validity for a law enacted by the General Assembly, and this Court "will not declare a law invalid unless we determine that it is unconstitutional beyond a reasonable doubt." *Id*. (citation omitted). Rule 2 of the North Carolina Rules of Appellate Procedure allows for the Court to suspend the normal requirements for appellate review to "prevent manifest injustice to a party", especially upon new, binding precedent. N.C. R. App. P. 2; *see State v. Radomski*, 294 N.C. App. 108, 112, 901 S.E.2d 908, 912–13, *review denied*, 386 N.C. 557, 904 S.E.2d 542 (2024), and *writ denied*, 904 S.E.2d 548 (N.C. 2024). Defendant failed to preserve this issue with a timely objection in the trial court, but we grant consideration of the merits by

invoking Rule 2 due to the "newly percolating and widely occurring issue" presented. N.C. R. App. P. 2; *Radomski*, 294 N.C. App. at 112.

The Second Amendment of the United States Constitution declares that "the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. This is reiterated in the North Carolina Constitution. N.C. Const. art. I, § 30. However, this right is not unlimited. *Rahimi*, 602 U.S. at 690 (*quoting District of Columbia v. Heller*, 554 U.S. 570, 626 (2008)). When a state statute restricts this right, the state has the burden of proving that the regulation is consistent with the Nation's history and tradition. *Bruen*, 591 U.S. at 17. The government does not need "a historical *twin*" but to "identify a well-established and representative historical *analogue*" to justify the modern statutory regulation. *Id*. at 30.

Defendant argues that N.C. Gen. Stat. § 14-415.1(a), which makes it unlawful for someone convicted of a felony "to purchase, own, possess, or have in his custody, care, or control any firearm", does not meet this burden. We disagree. This Court has upheld the constitutionality of § 14-415.1 under both The United States Constitution and the Constitution of North Carolina on multiple occasions. *See State v. Fernandez*, 256 N.C. App. 539, 548, 808 S.E.2d 362, 369 (2017) ("It is not unreasonable to prohibit a convicted felon who has subsequently violated the law on several occasions from possessing a firearm in order to preserve 'public peace and safety.' ").

Following *Bruen*, this Court recently analyzed the issue and again held that

the statute was constitutional in *State v. Nanes*, 912 S.E.2d 202, 206 (N.C. Ct. App. 2025). We are bound by this decision. *In re Civil Penalty*, 379 S.E.2d 30, 37 (1989).

In *Nanes*, the defendant shot and killed two people. 912 S.E.2d at 205. He was indicted on two counts of first-degree murder and one count of possession of a firearm by a felon. *Id.* at 206. The defendant moved to dismiss the possession charge, claiming it violated his fundamental right to bear arms. *Id.* The trial court denied the motion, and he was found guilty on all charges. *Id.* On appeal, this Court examined and upheld the constitutionality of N.C. Gen. Stat. § 14-415.1. *Id.* at 213.

The Supreme Court held that prohibitions on firearm possession for convicted felons are firmly within the Nation's history and tradition and are "presumptively lawful." *Heller*, 554 U.S. at 626 ("[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill."); *Rahimi*, 602 U.S. at 699; see also *Bruen*, 591 U.S. at 81 (Kavanaugh, J., concurring). This statute is sufficiently analogous to historical firearm regulations. *Nanes*, 912 S.E.2d at 208.

## III.  Conclusion

As defendant raises no new facts or arguments that were not addressed in *Nanes*, we are bound by that panel's decision. Accordingly, defendant's facial challenge to § 14-415.1 under both the U.S. Constitution and the N.C. Constitution is without merit. The conviction for possession of a firearm by a felon is affirmed.

AFFIRMED.

Report per Rule 30(e).

Panel consisting of Judges ARROWOOD, STADING, and MURRY.